**GROGAN LORD & COMPANY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 16089.**

Court of Civil Appeals of Texas.

Dallas.

May 25, 1962.

Rehearing Denied June 22, 1962.

Woodgate, Richards & McElhaney, John H. McElhaney, Dallas, for appellant.

Henry Wade, Dist. Atty., and John J. Orvis, Asst. Dist. Atty., Dallas, for appellee.

YOUNG, Justice.

As succinctly stated by appellant; "this was a suit by the State of Texas for the forfeiture of a 1959 Ford truck which was alleged to have been used in the transportation of contraband narcotics. The only issue on appeal is whether the proceeds of the sale of the vehicle shall be awarded to the State, or to the mortgagee, Grogan Lord & Company, who unsuccessfully attempted to intervene in the trial court, and is now before this Court as appellant".

The suit was pursuant to Art. 725d, Vernon's Ann.Penal Code. On February 16, 1961 the State of Texas filed an original petition for forfeiture of the vehicle in question, allegedly seized January 7, 1961, and stating that the Fair Park National Bank was the record mortgagee; this institution filing a disclaimer to effect that it had not been the mortgagee of the vehicle since May 1, 1959. On March 7, 1961 ap-

pellant filed its petition in intervention, alleging it to be the mortgagee; attaching thereto a certificate of title issued by the State Highway Department of date February 2, 1961 as such lien holder. This was fourteen days before the filing of the State's petition for forfeiture, but subsequent to date of seizure.

Later the State moved and contended that appellant's petition in intervention be stricken because the Certificate of Title of Grogan Lord & Company, as mortgagee, was not shown to be outstanding on date of seizure "as required by the Certificate of Title Act", 1436-1, §§ 3, 24 and 44; also Art. 725d, Penal Code, § 4, providing that notice of forfeiture be served upon "any registered lien holder". On July 29, 1961 the intervenor's petition was stricken upon hearing; and on later trial to the merits, a judgment of forfeiture was entered on December 6, 1961. In this connection, there is no dispute that Grogan Lord & Company loaned the money and took a mortgage on the vehicle on December 20, 1960, also that the transportation of narcotics took place later, or on January 7, 1961; appellant not applying for a Certificate of Title reflecting this loan until January 15, 1961, its Certificate of Title issuing on February 2, 1961.

Art. 725d, Penal Code provides: "At the hearing, any claimant of any right, title or interest in the vessel, vehicle or aircraft may prove his lien, mortgage or conditional sales contract, to be bona fide and created without knowledge that the vessel, vehicle or aircraft was to be used in violation of this Act." Subds. 7 and 8, also identify a claimant as "any bona fide lien holder, mortgagee or conditional vendor."

From above statement of facts, appellant qualified as such "claimant" entitled to the proceeds of sale and the trial court erred in not so holding. It is not disputed that appellant's lien was created without knowledge that the vehicle was to be used in violation of the Act (Subd. 6) And appellee's counterpoint is not well taken that "assertion of a lien on a motor vehicle *only after* it

being seized for the transportation and possession of contraband narcotic drugs, is an attempt to circumvent the Certificate of Title Act and the forfeiture of the seized vehicle." (Emphasis ours) The attack on the "bona fides" of appellant upon this ground is a nonsequitur as the statute does not require the claimant to be a registered lien holder on date of seizure. It was indeed a lien holder on date of filing of petition for forfeiture and thus entitled to the notice proviso of § 6, Art. 725d, Penal Code, instead of the Fair Park National Bank which had disclaimed.

The judgment of forfeiture is affirmed, but the award of proceeds from sale of the condemned vehicle to appellee is reversed and judgment is here rendered awarding such proceeds to appellant Grogan Lord & Company as prayed.

Affirmed in part and reversed and rendered in part.